**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

|  |  |
|---|---|
| SHANE MALLON | * |
| 5947 Lillyan Avenue | |
| Baltimore, Maryland 21206 | * |
| *Plaintiff*, | * |
| | * |
| vs. | * |
| | * |
| FROSTBURG STATE UNIVERSITY | |
| 101 Braddock Road | * |
| Frostburg, Maryland 21532 | |
| | *   Civil Action No.: _____ |
| Serve on: Resident Agent | |
| Bradford Nixon, Esq. | * |
| Office of General Counsel | |
| Frostburg State University | * |
| 101 Braddock Road | |
| Frostburg, Maryland 21532 | * |
| And | * |
| | * |
| STATE OF MARYLAND | |
| d/b/a Frostburg State University | * |
| 101 Braddock Road | |
| Frostburg, Maryland 21532 | * |
| Serve On: | * |
| Brian Frosh, Attorney General for the | |
| State of Maryland | * |
| Office of the Attorney General for the | |
| State of Maryland | * |
| 200 Saint Paul Place | |
| Baltimore, Maryland 21202 | * |
| *Defendants*. | * |

* * * * * * * * * * * * * * *

**COMPLAINT AND JURY DEMAND**

Plaintiff Shane Mallon, by and through his attorneys, John J. Leppler, Esq. #19736, and the law firm Bowers Law MD, hereby sues the Defendant Frostburg State University, and the Defendant State of Maryland, and in support thereof states:

**PARTIES**

1. Plaintiff Shane Mallon (hereinafter "Plaintiff"), at all times pertinent hereto, is at 35-year-old male, a resident of the State of Maryland, is enrolled as student at Defendant Frostburg State University and received federal financial aid while enrolled as a student at Defendant Frostburg State Unviersity. Additionally, Plaintiff was a student at Defendant Frostburg State University with a physical and mental disability, record of impairment, and/or perceived by Defendant Frostburg State University to have a disability under Maryland state law and federal law. Plaintiff's physical and mental disability, record of impairment, and/or perceived disability is his diagnosis of Rheumatoid Arthritis (a type of autoimmune arthritis), which he has been diagnosed with for several years. For his diagnosed Rheumatoid Arthritis, Plaintiff takes immunosuppressive medications, and because his immunocompromised state while taking the medications, Plaintiff is medically ineligible to get vaccinations. Additionally, at all times pertinent to this lawsuit, Plaintiff was a qualified individual with a disability, who was able to perform the essential functions of his job a student at Defendant Frostburg State University with or without a reasonable accommodation. Additionally, throughout the course of his student education at Defendant Frostburg State University, Plaintiff was never on academic probation and performed his job as a student up to the legitimate expectations of Defendant Frostburg State University.

2. Defendant Frostburg State University is a Higher Education institution that receives Maryland state funding and federal funding, and is governed under Maryland state law and federal law. At all times pertinent to this lawsuit, Defendant Frostburg State University was acting by and through

its actual and/or apparent agents, servants, and/or employees, including but not limited to the following persons: (1) Darlene Smith – Defendant Frostburg State University's Nurse Practitioner, Director; (2) Beth Hoffman – Defendant Frostburg State University's Director of ADA / EEO and Immigration Compliance Coordinator; (3) Bradford Nixon – Defendant Frostburg State University's General Counsel; and (4) Tom Bowling – Defendant Frostburg State University's Vice President of Student Affairs, and Dr. Bowling is also Darlene Smith's supervisor. Additionally, Defendant Frostburg State University's actual and/or apparent agents, servants, and/or employees, including but not limited to the persons stated in this paragraph, were acting within the scope of their agency and/or employment at Defendant Frostburg State University.

3. Defendant the State of Maryland d/b/a Frostburg State University, is the State of Maryland's public higher education institution. At all times pertinent to this lawsuit, Defendant the State of Maryland, owned, operated, supervised, and/or managed the Higher Education Institution Defendant Frostburg State University, including but not limited to the persons named as actual and/or apparent agents, servants, and/or employees of Defendant Frostburg State University in Paragraph 2 of this complaint and jury demand. Additionally, Defendant Frostburg State University and Defendant the State of Maryland, hereinafter will be collectively referred to as the "Defendants".

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331- Plaintiff is bringing disability discrimination and disability discrimination (failure to accommodate) claims against the Defendants under federal law. Additionally, this Court has personal jurisdiction over the Defendants because the Defendants are located in the State of Maryland, and the events giving rise to this lawsuit occurred in the State of Maryland.

5. Venue is proper in the United States District Court for the District of Maryland, because the Defendants are located in the State of Maryland, and the events giving rise to this lawsuit occurred in the State of Maryland.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6. At the time of the filing of this lawsuit and related to this lawsuit, Plaintiff filed his bringing disability discrimination and disability discrimination (failure to accommodate) claims against the Defendants with the Maryland Higher Education Commission (MHEC) on or about July 27, 2018, which was then transferred to the Office of Civil Rights (OCR). Additionally, the events giving rise to this lawsuit occurred in March 2018 – November 8, 2018, and Plaintiff's claims against the Defendants are under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, only. Thus, Plaintiff now timely files this lawsuit against the Defendants.

**FACTS COMMON TO ALL COUNTS**

7. Plaintiff first enrolled as a student at the Defendant Frostburg State University for the Fall 2017 session, to pursue his bachelors degree at Defendant's business school, and was on-track and intending to obtain his master's degree through the same. <u>Throughout the course of Plaintiff's enrollment as a student at Defendant Frostburg State University, Plaintiff was living off-campus and was receiving federal financial aid, was never on academic probation, and completed his coursework as a student at Defendant Frostburg State University satisfactorily and up to the legitimate expectations of the Defendants</u>. However, after having successfully completed his Fall 2017 and Spring 2018 academic sessions classes at Defendant Frostburg State University, because of disability discrimination perpetuated by the Defendants against Plaintiff, Plaintiff was unable to register for his Summer 2018 and Fall 2018 academic sessions class at Defendant Frostburg State University, and was kicked out of Defendant Frostburg State University as a student.

8. After the Fall 2017 academic classes session at Defendant Frostburg State University (Plaintiff's first academic classes session as a student at Defendant Frostburg State University), and before the Winter 2017 and Spring 2018 academic classes sessions at Defendant Frostburg State University, Plaintiff had a hold on his student account through Defendant's health center, which

stopped him from being able to register for his Winter 2017 and Spring 2018 academic session classes. The hold on Plaintiff's student account was because of Plaintiff's disability; Plaintiff did not and cannot get the MMR (measles, mumps, and rubella) vaccinations because of his disability, Rheumatoid Arthritis. However, Plaintiff communicated with Defendant Frostburg State University's health care center's nurse Darlene Smith about his disability and stated that because of his disability (Plaintiff's immunocompromised state because of his diagnosis of Rheumatoid Arthritis) he is medically ineligible to get vaccinations. Thus, Ms. Smith removed / lifted the hold on Plaintiff's student account through Defnedant's health center, and Plaintiff was then able to successfully register for his Winter 2017 and Spring 2018 academic session classes, without the need to get vaccinations. Moreover, at this time, the Defendants were on notice of Plaintiff's disability as early as at sometime in 2017, and specifically, before the beginning of the Winter 2017 academic classes session at Defendant Frostburg State University.

9. On or about March 30, 2018, before Plaintiff's available dates to register for his Summer 2018 and Fall 2018 academic sessions classes at Defendant (April 2, 2018 for his Summer 2018 classes and April 9, 2018 for his Fall2018 classes) Defendant Frostburg State University's Assistant Vice President of Student Affairs Jeff Graham, in a March 30, 2018 email, notified Plaintiff that there was still a hold on Plaintiff's student account from Defendant Frostburg State University's health center. This hold on Plaintiff's student account, similar to the hold stated above and related to Plaintiff's disability that prevented Plaintiff for initially registering for his Winter 2017 and Spring 2018 academic sessions classes, stopped Plaintiff from being able to register for his Summer 2018 and Fall 2018 academic sessions classes at Defendant Frostburg State University.

10. Shortly after Plaintiff received the March 30, 2018 email from Dr. Graham stated above, Plaintiff again went to and communicated with Ms. Smith about the hold on Plaintiff's student account through Defendant's health center because of his disability, and why hi is ineligible to get vaccinations because of his disability. <u>However, unlike the prior occasion where Ms. Smith removed / lifted</u>

<u>Plaintiff's hold on his student account which allowed him to register for his Winter 2017 and Spring 2018 academic session classes without needing to get vaccinations, and for no reason at all, Ms. Smith this time refused to lift the hold on Plaintiff's student account. Thus, Plaintiff was stopped from being able to register for his Summer 2018 and Fall 2018 academic session classes at Defendant Frostburg State University. Ms. Smith said the Defendants' policy and/or procedures for its students getting MMR vaccinations follows the U.S. Center for Disease Control and Prevention recommendations, and thus Plaintiff must get the vaccinations. However, this is a direct contradiction to what the CDC recommendations, which among other things, recommends that a person like Plaintiff who is an immunocompromised state must not get the vaccinations.</u>

11. After Ms. Smith refused to remove / lift the hold on Plaintiff's account which stopped him from registering for his Summer 2018 and Fall 2018 academic sessions classes at Defendant Frostburg State University, Plaintiff met with the Vice President of Student Affairs at Defendant Frostburg State University and Ms. Smith's supervisor, Tom Bowling, to address this issue. Plaintiff discussed with Mr. Bowling his disability and why he is medically ineligible to get vaccinations, but Dr. Bowling responded to Plaintiff and told him to "get a lawyer".

12. Shortly after the meeting Plaintiff had with Dr. Bowling stated above, Plaintiff met with Defendant Frostburg State University's Director of ADA / EEO and Immigration Compliance Coordinator Beth Hoffman to address his issue. Plaintiff discussed with Ms. Hoffman his disability and why he is medically ineligible to get vaccinations. Ms Hoffman then responded and advised Plaintiff to get a medical waiver for his disability.

13. Shortly after the meeting Plaintiff had with Ms. Hoffman stated above, Plaintiff met with Defendant Frostburg State University's General Counsel, Bradford Nixon, Esq., to address his issue. Plaintiff discussed with Mr. Nixon his disability and why he is medically ineligible to get vaccinations. Mr. Nixon then responded and advised Plaintiff to get a medical waiver for his disability, and provide the medical waiver to the Defendants.

14.     On or about April 6, 2018, within a few days after Plaintiff's meetings with Ms. Hoffman and Mr. Nixon stated above, Plaintiff's Rheumatologist, John B. Miller, M.D. (a rheumatologist at the Johns Hopkins Hospital) faxed Plaintiff's medical waiver to the Defendants. Plaintiff's medical waiver from Dr. Miller stated the following:

> To Whom It May Concern:
>
> I have had the pleasure of taking care of Mr. Mallon since March 2019, but his autoimmune condition has required treatment for several years.
>
> Due to his immunocompromised state, Mr, Mallon is not eligible to receive live vaccinations, such as the MMR vaccination.
>
> Please do not hesitate to contact me at 410-550-8470 if you have any questions or concerns.
>
> John Miller
> RE: Mallon, Shane

<u>Even after Plaintiff followed Ms. Hoffman's and Mr. Nixon's directions and/or advisement regarding his disability, Plaintiff's hold on his student account was never removed / lifted, and he was stopped and never able to to register for his Summer 2018 and Fall 2018 academic session classes at Defendant Frostburg State University. Moreover, related to Plaintiff's disability, there are no Maryland state laws that require a student enrolled at an institution for Higher Education to obtain a MMR vaccination, let alone a require a student who lives off-campus, like Plaintiff, to obtain any type of vaccination. Maryland law only requires students who live on-campus to get a meningococal vaccination</u>. (**NOTE**: *See* Maryland law Title 10 Department of Health and Mental Hygiene, Subtitle 06 Diseases, Chapter 05 Meningococcal Vaccination Requirements for Students in Institutions of Higher Education).

15.     Shortly after Dr. Miller faxed Plaintiff's medical waiver dated April 6, 2018 to the Defendants, Ms. Smith immediately contacted Dr. Miller's office and requested Dr. Miller's office provide her additional protected health information regarding Plaintiff's disability, and without first

consulting Plaintiff or obtaining a Health Insurance Portability and Accountability Act (HIPAA) release from Plaintiff. Dr. Miller's office then refused to provide Ms. Smith additional protected health information regarding Plaintiff's disability without first obtaining a HIPAA release and/or consent from Plaintiff.

16. At sometime shortly after April 6, 2018, and because the time for Plaintiff to be able to transfer to another Higher Education institution for the Winter 2018 and Spring 2019 academic sessions lapsed (Plaintiff sought to transfer to Towson University because of the events stated above), Plaintiff attempted to compromise with Defendant. *First*, Plaintiff offered to take two online classes only at Defendant Frostburg State University in the Fall 2018 academic session, and then transfer out of Defendant. *Second*, Plaintiff requested to Ms. Smith directly that Defendant Frostburg State University release Plaintiff's academic transcripts to any Higher Education institution(s) Plaintiff transfers to for the Winter 2018 and/or Spring 2019 academic sessions. Ms. Smith, in response, and after she told Plaintiff that Defendant Frostburg State University's students who take online classes only are not required to get MMR vaccinations, did the following: (1) Ms. Smith refused to remove / lift Plaintiff's hold on his student account, so he was still unable to register for his Summer 2018 and Fall 2018 academic sessions classes, including online classes; and (2) Ms. Smith refused to release Plaintiff's academic transcripts in the Defendants' possession, custody, and/or control, to other Higher Education institutions which Plaintiff would seek transfer to. Additionally, when Plaintiff asked Ms. Hoffman why Ms. Smith refused to remove / lift Plaintiff's hold on his student account so he could register for his Summer 2018 and Fall 2018 academic sessions classes, including online classes, and release his transcripts to other Higher Education institutions Plaintiff would seek to transfer to, Ms. Hoffman stated Ms. Smith refused to do these things out of "principle".

17. On or about July 27, 2018, because of the events stated above, Plaintiff filed his discrimination complaint against the Defendants with the Maryland Higher Education Commission

("MHEC"). Therein, Plaintiff claims disability discrimination against the Defendants, among other things.

18. On or about September 7, 2018, Mr. Nixon submitted the Defendants' response to Plaintiff's July 27, 2018 filed discrimination complaint with the MHEC. <u>Therein, Mr. Nixon not only attached Dr. Miller's April 6, 2018 medical waiver related to Plaintiff's disability, but also attached the "University of Maryland Immunization Policy" for MMR vaccinations, which states among other things that the Defendant Frostburg State University's students who take online classes only are expressly exempt from Defendant's policy</u>.

Notably, at all times pertinent to this lawsuit, Plaintiff is not required in any way under Maryland Law to undergo a MMR vaccination at Defendant's direction. ***First***, Plaintiff always lived off-campus from Defendant Frostburg State University and Plaintiff's off-campus housing has no affiliation with Defendant Frostburg State University. ***Second***, Maryland law only requires on-campus students at Higher Education institution to get meningococcal vaccines only. ***Third***, and as Ms. Smith advised Plaintiff, the Defendants' vaccinations policy does not apply to Defendant Frostburg State University 's students who register for online classes only.

19. On or about November 3, 2018, having heard nothing from Defendant Frostburg State University regarding his status as a student at Defendant Frostburg State University, Plaintiff emailed his former academic supervisor Kenneth Levitt regarding opening Plaintiff's registration for his Winter 2018 academic session classes at Defendant Frostburg State University. Mr. Levitt responded to Plaintiff in a November 4, 2018 email and stated, "… I'm not listed as your advisor anymore, so I can't make you available to register. I'm copying Tammy Shockey so that she can help you." Thereafter, Plaintiff never received a response from Ms. Shockey regarding Plaintiff's registration for his Winter 2018 academic session classes at Defendant Frostburg State University.

20. <u>On or about November 8, 2018, Defendant sent a letter to Plaintiff which states among other things that Plaintiff was kicked out of Defendant and then readmitted as a student for the Winter</u>

<u>2019 semester, and Plaintiff will have to pay Defendant $150.00 as a deposit for readmission</u>. At the time of this letter, since Plaintiff was unable to register for his Summer 2018 and Fall 2018 academic sessions classes at Defendant Frostburg State University solely because of the disability discrimination perpetuated by the Defendants against Plaintiff, Plaintiff had already transferred as a student to the Community College of Baltimore County (CCBC) for the Winter 2018 academic session.

21. On or about November 20, 2018, the Philadelphia Office of Civil Rights (OCR) contacted Plaintiff and advised him that the OCR was investigating Plaintiff's claims against the Defendants. Additionally, prior to the filing of this lawsuit, on or about March 6, 2019, Plaintiff and the Defendants conducted a mediation through the OCR to potentially resolve Plaintiff's claims against the Defendants, but the mediation was unsuccessful.

22. As a direct and proximate result of the disability discrimination perpetuated by the Defendants against Plaintiff stated herein, Plaintiff was forced to transfer his federal financial funding and begin an entirely new course requirement and bachelor's degree / master's degree track at first CCBC, and where he is currently enrolled, the University of Baltimore. Plaintiff was receiving $1,500 per academic session at Defendant Frostburg State University while enrolled and to complete his bachelor's degree and master's degree through Defendant Frostburg State University's business school in a three-year time period, and he was on track to do that. Plaintiff further was unable to continue taking classes at Defendant Frostburg State University in the Summer 2018 and Fall 2018 academic sessions, and lost essentially an entire year where he expected to continue to pursue his bachelor's and master's degrees. Additionally, Plaintiff endured severe pain and suffering, humiliation, and embarrassment, and has incurred financial hardship, lost his scholarship money for his Higher Education schooling, and potential decrease in present and future earning capacity / power. Moreover, the events stated herein demonstrate that the disability discrimination perpetuated by the Defendants against Plaintiff was done with ill will, evil motive, and actual malice.

**COUNT ONE**
**Violations of the Americans With Disabilities Act (ADA)**
**Disability Discrimination – Actual and/or Perceived Disability and/or Record of Impairment**
**(Against All Defendants)**

23. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth below and herein.

24. Plaintiff is a person with a "disability" within the meaning of the Americans With Disabilities Act, and at all times pertinent to this lawsuit, was a qualified individual who performed performed the essential functions of his job as a student of learning at Defendant Frostburg State University with or without a reasonable accommodation. Additionally, throughout the course of his student education at Defendant Frostburg State University, Plaintiff was never on academic probation and performed his job as a student up to the legitimate expectations of the Defendants.

25. Defendants, with ill will, evil motive, and actual malice, discriminated against Plaintiff based on his disability by refusing to permit him to continue his education at Defendant Frostburg State University (having refused to permit Plaintiff to register for his Summer 2018 and Fall 2018 academic sessions classes) and further refused to release Plaintiff's academic transcripts to institutions Plaintiff sought to transfer to after realizing Defendant essentially kicked him out of Defendant Frostburg State University as a student.

26. As a direct and proximate result of the disability discrimination perpetuated by the Defendants against Plaintiff, Plaintiff was forced to transfer his federal financial funding and begin an entirely new course requirement and bachelor's degree / master's degree track at first CCBC, and where he is currently enrolled, the University of Baltimore. Plaintiff was receiving $1,500 per academic session at Defendant Frostburg State University while enrolled and to complete his bachelor's degree and master's degree through Defendant Frostburg State University's business school in a three year time period, and he was on track to do that. Plaintiff further was unable to continue taking classes at Defendant Frostburg State University in the Summer 2018 and Fall 2018 academic

sessions, and lost an entire year, if not more years, where he expected to continue to pursue his bachelor's and master's degrees. Additionally, Plaintiff endured severe pain and suffering, humiliation, and embarrassment, and has incurred financial hardship, lost his scholarship money for his Higher Education schooling, and potential decrease in present and future earning capacity / power.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000), compensatory damages, punitive damages, attorney's fees, costs, prejudgment and post judgment interest, and any such other relief the Court deems appropriate.

### COUNT TWO
### Violations of the Americans With Disabilities Act (ADA)
### Disability Discrimination – Failure to Accommodate
### (Against All Defendants)

27. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth below and herein.

28. Plaintiff is a person with a "disability" within the meaning of the Americans With Disabilities Act, and at all times pertinent to this lawsuit, was a qualified individual who performed performed the essential functions of his job as a student of learning at Defendant Frostburg State University with or without a reasonable accommodation. Additionally, throughout the course of his student education at Defendant Frostburg State University, Plaintiff was never on academic probation and performed his job as a student up to the legitimate expectations of the Defendants. Further, the Defendants had notice of Plaintiff's disability in 2017, and specifically, before Plaintiff began to register for his Winter 2017 academic sessions classes at Defendant Frostburg State University.

29. Defendants, with ill will, evil motive, and actual malice, simply refused to provide Plaintiff with a reasonable accommodation to complete his bachelor's degree and master's degree and stay enrolled as a student at Defendant Frostburg State University. A reasonable accommodation would have been as simple as allowing Plaintiff to register for his Summer 2018 and Fall 2018 academic

classes at Defendant after, at the direction and/or advisement of Defendant Frostburg State University's General Counsel Mr. Nixon and Defendant Frostburg State University's Director after which Defendant Frostburg State University's General Counsel Mr. Nixon and Defendant's Director of ADA / EEO and Immigration Compliance Coordinator Beth Hoffman, Plaintiff provided a medical waiver to the Defendants on or about April 6, 2018. Further, any reasonable accommodation the Defendants could have provided Plaintiff for his disability would not impose an undue hardship on the Defendants.

30. As a direct and proximate result of the disability discrimination perpetuated by the Defendants against Plaintiff, (failure to provide Plaintiff a reasonable accommodation for his disability), Plaintiff was forced to transfer his federal financial funding and begin an entirely new course requirement and bachelor's degree / master's degree track at first CCBC, and where he is currently enrolled, the University of Baltimore. Plaintiff was receiving $1,500 per academic session at Defendant Frostburg State University while enrolled and to complete his bachelor's degree and master's degree through Defendant Frostburg State University's business school in a three-year time period, and he was on track to do that. Plaintiff further was unable to continue taking classes at Defendant Frostburg State University in the Summer 2018 and Fall 2018 academic sessions, and lost essentially an entire year where he expected to continue to pursue his bachelor's and master's degrees. Additionally, Plaintiff endured severe pain and suffering, humiliation, and embarrassment, and has incurred financial hardship, lost his scholarship money for his Higher Education schooling, and potential decrease in present and future earning capacity / power.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000), compensatory damages, punitive damages, attorney's fees, costs, prejudgment and post judgment interest, and any such other relief the Court deems appropriate.

**COUNT THREE**
**Violations of Section 504 of the Rehabilitation Act**
**Disability Discrimination – Actual and/or Perceived Disability and/or Record of Impairment**
**(Against All Defendants)**

31. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth below and herein.

32. Plaintiff is a person with a "disability" within the meaning of Section 504 of the Rehabilitation Act, and at all times pertinent to this lawsuit, was a qualified individual who performed performed the essential functions of his job as a student of learning at Defendant Frostburg State University with or without a reasonable accommodation. Additionally, throughout the course of his student education at Defendant Frostburg State University, Plaintiff was never on academic probation and performed his job as a student up to the legitimate expectations of the Defendants.

33. Defendants, with ill will, evil motive, and actual malice, discriminated against Plaintiff based on his disability by refusing to permit him to continue his education at Defendant Frostburg State University (having refused to permit Plaintiff to register for his Summer 2018 and Fall 2018 academic sessions classes) and further refused to release Plaintiff's academic transcripts to institutions Plaintiff sought to transfer to after realizing the Defendants essentially kicked him out of Defendant Frostburg State University as a student.

34. As a direct and proximate result of the disability discrimination perpetuated by the Defendants against Plaintiff,  Plaintiff was forced to transfer his federal financial funding and begin an entirely new course requirement and bachelor's degree / master's degree track at first CCBC, and where he is currently enrolled, the University of Baltimore. Plaintiff was receiving $1,500 per academic session at Defendant Frostburg State University while enrolled and to complete his bachelor's degree and master's degree through Defendant Frostburg State University's business school in a three-year time period, and he was on track to do that. Plaintiff further was unable to continue taking classes at Defendant Frostburg State University in the Summer 2018 and Fall 2018 academic

sessions, and lost essentially an entire year where he expected to continue to pursue his bachelor's and master's degrees. Additionally, Plaintiff endured severe pain and suffering, humiliation, and embarrassment, and has incurred financial hardship, lost his scholarship money for his Higher Education schooling, and potential decrease in present and future earning capacity / power.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000), compensatory damages, punitive damages, attorney's fees, costs, prejudgment and post judgment interest, and any such other relief the Court deems appropriate.

**COUNT FOUR**
**Violations of Section 504 of the Rehabilitation Act**
**Disability Discrimination – Failure to Accommodate**
**(Against All Defendants)**

35. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth below and herein.

36. Plaintiff is a person with a "disability" within the meaning of Section 504 of the Rehabilitation Act, and at all times pertinent to this lawsuit, was a qualified individual who performed performed the essential functions of his job as a student of learning at Defendant with or without a reasonable accommodation. Additionally, throughout the course of his student education at Defendant Frostburg State University, Plaintiff was never on academic probation and performed his job as a student up to the legitimate expectations of the Defendants. Further, the Defendants had notice of Plaintiff's disability in 2017, and specifically, before Plaintiff began to register for his Winter 2017 academic sessions classes at Defendant Frostburg State University.

37. Defendants, with ill will, evil motive, and actual malice, simply refused to provide Plaintiff with a reasonable accommodation to complete his bachelor's degree and master's degree and stay enrolled as a student at Defendant Frostburg State University. A reasonable accommodation would have been as simple as allowing Plaintiff to register for his Summer 2018 and Fall 2018 academic

classes at Defendant Frostburg State University, after, at the direction and/or advisement of Defendant Frostburg State University's General Counsel Mr. Nixon and Defendant Frostburg State University's Director after which Defendant's General Counsel Mr. Nixon and Defendant's Director of ADA / EEO and Immigration Compliance Coordinator Beth Hoffman, Plaintiff provided a medical waiver to to the Defendants on or about April 6, 2018. Further, any reasonable accommodation the Defendants could have provided Plaintiff for his disability would not impose an undue hardship on the Defendants.

38. As a direct and proximate result of the disability discrimination perpetuated by the Defendants against Plaintiff (failure to provide Plaintiff a reasonable accommodation for his disability), Plaintiff was forced to transfer his federal financial funding and begin an entirely new course requirement and bachelor's degree / master's degree track at first CCBC, and where he is currently enrolled, the University of Baltimore. Plaintiff was receiving $1,500 per academic session at Defendant Frostburg State University while enrolled and to complete his bachelor's degree and master's degree through Defendant Frostburg State University's business school in a three-year time period, and he was on track to do that. Plaintiff further was unable to continue taking classes at Defendant Frostburg State University in the Summer 2018 and Fall 2018 academic sessions, and lost essentially an entire year where he expected to continue to pursue his bachelor's and master's degrees. Additionally, Plaintiff endured severe pain and suffering, humiliation, and embarrassment, and has incurred financial hardship, lost his scholarship money for his Higher Education schooling, and potential decrease in present and future earning capacity / power.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000), compensatory damages, punitive damages, attorney's fees, costs, prejudgment and post judgment interest, and any such other relief the Court deems appropriate.

Respectfully submitted,

/s/ *John Leppler*

_____
John J. Leppler, Esq. #19736
Bowers Law MD
339 E. 25th Street
Baltimore, Maryland 21218
T: (410) 885-6200
F: (410) 834-4560
E: john@bowerslawmd.com
*Counsel for Plaintiff Shane Mallon*

### DEMAND FOR TRIAL BY JURY

Plaintiff Shane Mallon, demands for a trial by jury on all claims and all counts stated in Plaintiff's complaint and jury demand.

Respectfully submitted,

/s/ *John Leppler*

_____
John J. Leppler, Esq. #19736