# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHANE MALLON, | * | |
| Plaintiff, | * | |
| v. | | Civil No.: BPG-19-795 |
| | * | |
| FROSTBURG STATE UNIVERSITY, *et al.*, | | Hearing Date: 1:00 pm, Aug. 5, 2019 |
| | * | |
| Defendants. | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## SUPPLEMENTAL BRIEF OF DEFENDANTS

Defendants Frostburg State and the State of Maryland (together "Frostburg State"), by and through their undersigned counsel, respectfully submit this supplemental brief in accordance with the Court's letter Order dated July 18, 2019.  (Doc. 24).

**I.     Frostburg State's Immunization Policy Requiring TD Vaccinations is an Essential Eligibility Requirement to Prevent Diphtheria, a Contagious and Deadly Disease.**

To state a claim under either the Americans with Disabilities Act or Rehabilitation Act, for the second element that he was "otherwise qualified," Plaintiff has the burden to plausibly plead and show that he met all the "essential eligibility requirements of the program" at Frostburg State. *See Class v. Towson Univ.*, 806 F.3d 236, 245-46 (4th Cir. 2001) (quoting *Halpern v. Wake Forest Univ. Health Sciences*, 669 F.3d 454, 462 (4th Cir. 2012)).   In the context of postsecondary education, Plaintiff must show he met all of the "academic and technical standards requisite to admission or participation in the [school's] education program or activity."  *Class*, 806 F.3d at 246 (citing 45 C.F.R. § 84.3(l)(3)).   The "term 'technical standards' refers to *all* nonacademic admissions criteria that are essential to participation in the program in question." *Southeastern Cmty. Coll. v. Davis*, 442 U.S. 397, 406 (1979) (emphasis in original).   Eligibility criterion is "essential if it bear[s] more than a marginal relationship to the program at issue." *Class*, 806 F.3d

at 246-47 (quotations omitted).  Courts must "accord a measure of deference to the school's professional judgment" on what is an essential eligibility requirement.  *Id.*

By these standards, Frostburg State's immunization policy requiring proof of tetanus and diphtheria vaccinations ("TD" or "TDAP") plainly qualifies as an essential eligibility requirement.[1]  The immunization policy's goal of protecting students and the community from these diseases bears "more than a marginal relationship" to Frostburg State's program.

The Supreme Court has long upheld the right of localities and schools to require compulsory immunization because "a community has the right to protect itself from an epidemic of disease which threatens the safety of its members." *Jacobson v. Commonwealth of Mass.*, 197 U.S. 11, 17 (1905).  School officials have "broad discretion" in matters of health and may require proof of vaccinations by students.  *See Zucht v. King*, 260 U.S. 174, 175 (1922) (rejecting constitutional challenge to school requirement that student provide certificate of vaccination).

In *Workman v. Mingo Cnty. Bd. of Educ.*, 419 Fed.Appx. 348 (4th Cir. 2011), the Fourth Circuit rejected a constitutional challenge to a mandatory immunization program that, like Frostburg's policy, required all students to be immunized for diphtheria and tetanus.  The Fourth Circuit recognized that the goal to "prevent the spread of communicable diseases clearly constitutes a compelling interest" and cited with approval a Maryland Court of Appeals decision upholding Maryland's program.  *See Workman*, 419 Fed.Appx. at 351 (citing *Davis v. State*, 294 Md. 370, 379 n.8 (1982) ("Maryland's compulsory immunization program clearly furthers the governmental objective of eliminating and preventing certain communicable diseases.")).

---

[1]  Although labeled a "tetanus shot" in shorthand, Frostburg State requires proof of a Td or Tdap vaccine covering both tetanus *and* diphtheria.  (Doc. 18-30; Doc. 23-3, at ¶¶ 4-7).

The Fourth Circuit further recognized that the "Supreme Court did not limit its holding in *Jacobson* to diseases presenting a clear and present danger." *Workman*, 419 Fed.Appx. at 353. Courts uphold immunization policies even if the locality has not experienced a recent case of diphtheria. *See Bd. of Ed. of Mountain Lakes v. Maas*, 152 A.2d 394, 405 (N.J. App. Div. 1959) (rejecting challenge to compulsory vaccination despite no case of "diphtheria for almost a decade"). As a court explained:

> The absence of an existing emergency does not warrant a denial to the regulative agency of the exercise of preventive means. A local board of education need not await an epidemic, or even a single sickness or death, before it decides upon action to protect the public. To hold otherwise would be to destroy prevention as a means of combatting the spread of disease.

*In re Elwell*, 284 N.Y.S.2d 924, 930 (N.Y. Fam. Ct. 1967) (rejecting challenge as "medical practice of immunization and vaccination against diphtheria …. has been recognized for many years").

Here, the Court may take judicial notice of the public health dangers of tetanus and, especially, diphtheria.[2] As the Centers for Disease Control and Prevention ("CDC") describes: "Tetanus is an infection caused by a bacterium called *Clostridium tetani*. Spores of tetanus bacteria are everywhere in the environment, including soil, dust, and manure." **Exh. 1**: CDC Website on Tetanus *available at*: https://www.cdc.gov/tetanus/about/causes-transmission.html. Although not contagious between humans, tetanus "spores can get into the body through broken skin, usually through injuries from contaminated objects." *Id.* Tetanus infections causes tightening of the jaw and muscle spasms, and can develop complications such as: "Breathing difficulty, possibly leading to death (1 to 2 in 10 cases are fatal)." *Id.*

---

[2] The Court may take judicial notice of the CDC website on a Rule 12(b)(6) motion to dismiss. *See Pruitt v. Wells Fargo Bank, N.A.*, 2015 WL 9490234, at *4 (D. Md. Dec. 30, 2015) (taking judicial notice of government website on Rule 12(b)(6) motion to dismiss); *Starr v. Surplus Lines Ins. Co. v. Mountaire Farms, Inc.*, 920 F.3d 111, 115 (1st Cir. 2019) (affirming dismissal after considering CDC guidelines); *see also Montgomery v. Conmed, Inc.*, 2016 WL 241738, at *3 n. 14 (D. Md. Jan. 19, 2016) (taking judicial notice of CDC website on summary judgment).

Diphtheria is an "infection caused by the *Corynebacterium diphtheriae* bacterium." **Exh. 2**: CDC Website on Diphtheria *available at*:   https://www.cdc.gov/diphtheria/about/causes-transmission.html.  Diphtheria is a highly contagious disease that "spreads (transmits) from person to person, usually through respiratory droplets, like from coughing or sneezing." *Id*.   Diphtheria bacteria can attach to the lining of the respiratory system and can produce a poison (toxin) that "destroys healthy tissues in the respiratory system" and the dead tissues forms a thick gray coating called a "pseudomembrane" that can make it very hard to breathe and swallow. *Id.*  The bacteria may also get into the blood stream and "cause damage to the heart, nerves, and kidneys." *Id.* According to the CDC:  "Even with treatment, about 1 in 10 diphtheria patients die.  Without treatment, up to half of patients can die from the disease."   *Id*.   The Maryland Department of Health indeed requires all health care providers to immediately report any cases of diphtheria to the Secretary of Health.  **Exh. 3**: COMAR § 10.06.01.03.[3]

Due to these public health dangers, the CDC Advisory Committee on Immunization Practices (ACIP) recommends that all adults receive the tetanus and diphtheria vaccine ("Td") every ten (10) years.   **Exh. 4**: ACIP *available at*: https://www.cdc.gov/vaccines/schedules/hcp/imz/adult.html.  Officials in Maryland have adopted the CDC's recommendations by requiring tetanus and diphtheria immunization through either the TD or Tetanus-diphtheria-acellular pertussis (Tdap) vaccine.  The Maryland Department of Health has mandated that all students through 12th grade to furnish evidence of immunity against tetanus and diphtheria through a Tdap vaccine.  **Exh. 5**: COMAR § 10.06.04.03.    Based on the CDC's ACIP recommendations, Frostburg State's health officials have similarly exercised their professional judgment to require

---

[3] The Court may take judicial notice of these regulations.  *See Roemer v. Bd. of Public Works of Md.*, 426 U.S. 736, 743 (1976) (taking judicial notice of Maryland state regulations).

each student to provide proof of immunizations through a Td or Tdap within 10 years prior to enrollment.  Doc. 18-3, at ¶ 5; Doc. 23-3.

Given the CDC recommendations, Maryland regulations, and the *Workman* decision recognizing the compelling interests of school immunization for diphtheria and tetanus, Plaintiff cannot plausibly plead that Frostburg State's immunization policy was not an essential eligibility requirement.  *See Class*, 806 F.3d at 245; *Workman*, 419 Fed.Appx. at 351.  Not only has Plaintiff failed to plead his compliance with the immunization requirements posted on Frostburg State's public website, Plaintiff admits his disability did *not* prevent him from receiving a TD vaccination six years earlier.  (Doc 22-2, at 22).[4]  Given Plaintiff's failure to comply with this essential eligibility requirement, his entire case is barred as a matter of law.

## CONCLUSION

For the reasons stated above, the Court should grant Defendants' motion and close the case.

Dated:          July 29, 2019
                Baltimore, MD

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

*/s/ C. Alexander Hortis*
C. Alexander Hortis (Bar No. 28522)
Assistant Attorney General
Educational Affairs Division
200 St. Paul Place, 17th Floor
Baltimore, Maryland 21202-2021
Phone: (410) 576-6320
Email: ahortis@oag.state.md.us

*Counsel for Defendants*

---

[4] Nor may Plaintiff rely on alleged vague, oral comments he did not have to comply, especially given Frostburg State's public website and e-mail warnings he had to supply proof of a TD vaccine.  (Doc. 23-2).  Estoppel does *not* apply to State universities.  *See Marriott v. Cole*, 115 Md. App. 493, 508 (1997) (holding "the doctrine of estoppel ordinarily does not apply against the State, or its agencies" including university); *see also Davis v. George Mason Univ.*, 395 F.Supp.2d 331, 335 (E.D. Va. 2005) ("The Court holds that Count I is dismissed because equitable estoppel does not lie against [State university] when it exercises a governmental function.").