**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| SHANE MALLON | * | |
| | * | |
| *Plaintiff*, | * | Civil Action No.: 1:19-cv-00795-BPG |
| | * | |
| vs.d/d. | * | |
| FROSTBURG STATE UNIVERSITY, et al. | | |
| | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO WITHDRAW AS COUNSEL

COMES NOW the undersigned attorney of record, John J. Leppler, Esq. and the law firm Bowers Law, LLC (hereinafter collectively referred to as "Counsel"), who represent the Plaintiff Shane Mallon (hereinafter referred to as "Plaintiff") in this case, and files motion to withdraw as counsel, and in support thereof states:

1. Counsel's representation of Plaintiff has become untenable because Counsel and Plaintiff have reached a fundamental disagreement with respect to the facts and circumstances surrounding Plaintiff's claims and Counsel does not agree with the course of action Plaintiff wishes to pursue.

2. Counsel informed Plaintiff of the decision to withdraw on August 6, 2019 by telephone and on August 6, 2019 by email transmission. *See* the August 6, 2019 email correspondence Mr. Leppler sent to Plaintiff with the August 6, 2019 letter to Mr. Mallon attached thereto, collectively attached as "**Exhibit 1**". In the letter, Counsel has advised Plaintiff to retain new counsel to represent him and has advised him that is he unable or does not choose to retain new counsel, to notify the Clerk of the Court, of your intention to proceed in proper person (without an attorney). To date, Counsel has not been advised that Plaintiff has retained new counsel.

Local Rule 101(2)(a) provides:

> In the case of an individual, appearance of counsel may be withdrawn only with leave of Court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that a written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel enter an appearance or to advise the Clerk that the client will be proceeding without counsel.

The decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the district court. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999)(citing *Fleming v. Harris*, 39 F.3d 905, 908 (8th Cir. 1994) and *Washington v. Sherwin Real Estate*, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982)).

Pursuant to Local Rules 703 and 704, lawyers practicing in this court are subject to the Maryland Lawyer's Rules of Professional Conduct 1.16 (substantially the same as the ABA Model Rules of Professional Conduct), which provide a benchmark for when withdrawal may be permitted. Maryland Rule 16-812, MRPC 1.16 subsection (a) addresses mandatory withdrawal, and subsection (b) addresses permissive withdrawal. Subsection (b) states: Except as stated in paragraph (c) a lawyer may withdraw from representing a client if: (1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (3) the client has used the lawyer's services to perpetrate a crime or fraud; (4) the client insists upon action or inaction that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists. MD Rule 16-812, MRPC 1.16(b). Subsection (c) states. "[a] lawyer must comply with applicable law requiring notice to

or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." MRPC 1.16(c).

3. Here, withdrawal can be accomplished without a material adverse effect on the interests of the Plaintiff, and the Plaintiff has insisted upon a course of action with which Counsel has a fundamental disagreement,

*First*, the fully briefed outstanding motions (Defendants' April 19, 2019 filed motion to dismiss, or in the alternative, motion for summary judgment, Plaintiff's April 30, 2019 filed response in opposition related thereto, and the Defendants' May 14, 2019 filed reply related thereto, and the August 5, 2019 oral arguments related thereto) are set for a Court's ruling.  Moreover, Counsel has offered to waive all rights to fees, which will inure to Plaintiff's benefit and remove any possible financial burden Counsel's withdrawal may pose.

*Second*, the Plaintiff has, on two separate occasions, sought other legal counsel to represent him in this action (Sharon Krevor-Weisbaum, Esq., and her law firm Brown, Goldstein & Levy, LLP, and a pro bono resource center) to represent him in this action, either as co-counsel with the undersigned attorneys of record or otherwise. *See* **Exhibit 1**. Thus, Plaintiff has lost confidence in undersigned attorneys of record's ability to represent Plaintiff in this case.

*Third*, and related to Counsel's withdrawal being accomplished without a material adverse effect on the interests of the client <u>and further without Plaintiff suffering prejudice</u>, Counsel informed Mr. Mallon on August 6, 2019 that the Court allowed Plaintiff to file the supplement related to the pending motion to dismiss / motion for summary judgment by August 26, 2019. *See* Mr. Leppler's August 6, 2019 forwarded email to Plaintiff, attached as "**Exhibit 2**". Mr. Mallon informed Counsel multiple times that he will want to take his time and submit the supplement referenced in this paragraph in his own words to the Court.

    4.    Counsel has informed Plaintiff of his intention to withdraw and has given more than the required time to find new counsel, or to enter his appearance in proper person. *See* **Exhibit 1.** Notice has been sent to Plaintiff by email transmission at shanmallon17@gmail.com, which has been the means of multiple communications between Counsel and Plaintiff prior to this filed motion to withdraw as counsel and during Counsel's representation of Plaintiff in this case.

                                            Respectfully submitted,

                                            /s/ *John Leppler*

                                            _____
                                            John J. Leppler, Esq. #19736
                                            Bowers Law MD
                                            339 E. 25th Street
                                            Baltimore, Maryland 21218
                                            T: (410) 885-6200
                                            F: (410) 834-3560
                                            E: john@bowerslawmd.com
                                            *Counsel for the Plaintiff Shane Mallon*

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August 2019, a copy of the foregoing motion to withdraw as counsel, was sent via this Court's e-filing system and served upon the following:

C. Alexander Hortis, Esq.
Assistant Attorney General
Educational Affairs Division
200 St. Paul Place, 17th Floor
Baltimore, Maryland 21202
ahortis@oag.state.md.us.
*Counsel for the Defendants*

I further hereby certify that on this 14th day of August 2019, a copy of the foregoing motion to withdraw as counsel, was sent by email transmission to:

Shane Mallon
5974 Lillyan Avenue
Baltimore, Maryland 21206
(shanemallon17@gmail.com)

Respectfully submitted

/s/ *John Leppler*
_____
John J. Leppler, Esq. #19736