CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288

February 7, 2020

BY MAIL
Shane Mallon
Pro Se
5947 Lillyan Avenue
Baltimore, MD 21206

Constantine A. Hortis, Esq.
Office of the Attorney General of Maryland
200 St. Paul Pl., 17th Fl.
Baltimore, MD 21202

    Subject:    Shane Mallon v. Frostburg State University, et al.
                   Civil No.: BPG-19-795

Dear Counsel and Mr. Mallon:

      Pursuant to my informal discovery dispute procedure (ECF No. 45), the parties filed a joint letter advising me that they would like me to resolve a discovery dispute (ECF No. 61) as well as individual letters setting forth their respective positions regarding the dispute (ECF Nos. 62, 63). I have reviewed the parties' letters and determine that no hearing is necessary. Loc. R. 105.6. For the reasons stated below, defendants' request to order plaintiff to provide a written response and produce the requested documents in Frostburg State University's First Request for Production of Documents to Plaintiff ("Request for Documents") (ECF No. 62, Ex. A) is granted. Accordingly, plaintiff is directed to respond to defendants' Request for Documents (ECF No. 62, Ex. A) by no later than **February 21, 2020**.

      At issue is whether plaintiff must respond to defendants' Request for Documents (ECF No. 62, Ex. A). Defendants note that plaintiff provided responses to their request for admissions but failed to respond to defendants' interrogatories or the Request for Documents at issue here. (Id. at 1). Plaintiff argues that defendants' Request for Documents, specifically the "requests for phone records, medical records, email records, SSDI records, and immigration records," are either irrelevant, protected medical information, no longer available, or obtainable by defendants through other means. (ECF No. 63 at 1). Defendants, on the other hand, argue that the requests in the Request for Documents served on plaintiff are "directly relevant to Mr. Mallon's claims of disability discrimination" and are necessary for their defenses. (ECF No. 62 at 2). Specifically, defendants argue that the information sought in their Request for Documents is essential to their defense that they offered plaintiff reasonable accommodations, which plaintiff did not take advantage of. (Id. at 2). Defendants also argue that Request 14 in the Request for Documents, which seeks plaintiff's submissions to the Social Security Administration regarding his inability to work, is relevant to plaintiff's alleged damages. (Id.) To address plaintiff's privacy concerns, defendants assert that they have offered to enter into a stipulated confidentiality order to ensure the privacy of plaintiff's records. (ECF No. 61 at 1).

      Based on my review of the parties' letters, defendants' Request for Documents, and the

entire record in this case, it is clear that the discovery requests in defendants' Request for Documents are reasonable and within the scope of Federal Rule of Civil Procedure 26. Federal Rules of Civil Procedure Rule 26 governs the scope of discovery and based on my review of defendants' Request for Documents, I conclude that those requests are within the permissible scope of discovery.

Mr. Mallon is hereby advised that discovery—the exchange of documents and information between the parties—is a fundamental part of a lawsuit. In order for this case to proceed, the parties must satisfy their obligations under the Federal Rules of Civil Procedure, the Local Rules of this court, and applicable case law.[1] Under Rule 26, "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).[2]

Accordingly, Mr. Mallon is ORDERED, by **February 21, 2020**, to:

1. Provide complete responses to Frostburg State University's First Request for Production of Documents to Plaintiff (ECF No. 62, Ex. A) and provide all responsive documents. For any records that Mr. Mallon claims he does not possess, he is directed to cooperate with defendants so they may obtain said records from third parties, including, but not limited to, by providing any necessary releases for defendants to obtain these records through subpoenas.[3]

Please be advised that if Mr. Mallon does not comply with this Order, he may be subject to sanctions pursuant to Federal Rule of Civil Procedure 37. See Fed. R. Civ. P. 37.[4]

By separate order dated today, I am issuing an Order Regarding Confidentiality of Discovery Material to address any privacy concerns plaintiff has regarding his medical records or other documents.

---

[1] I call the parties' attention to the People's Law Library of Maryland, linked through the court's website, which provides information and limited assistance to people representing themselves in this Court. See: http://www.mdd.uscourts.gov/finding-legal-assistance (click on "Programs that Will Help You Represent Yourself in Court").

[2] To the extent that plaintiff argues defendants have not produced any documents, defendants do not have any independent obligation to produce discovery to plaintiff. For plaintiff to receive discovery, plaintiff must serve discovery requests on defendants.

[3] As noted in both of defendants' letters, (ECF No. 61 at 1; ECF No. 62 at 1), Mr. Mallon may satisfy Request Number 15 of defendants' Request for Documents, which seeks copies of Mr. Mallon's tax returns, by certifying that he has not filed tax returns for the past two years.

[4] As of the time of the parties' letters to the court (ECF Nos. 61, 62, 63), defendants advised that plaintiff had not responded to defendants' interrogatories served on plaintiff on December 13, 2019. (ECF No. 62 at 1). If plaintiff has not yet responded to the interrogatories, plaintiff is directed to respond to defendants' interrogatories by **February 21, 2020**.

      Notwithstanding the informal nature of this letter, it is an Order of the court and will be docketed accordingly.

                          Very truly yours,

                            /s/

                          Beth P. Gesner
                          Chief United States Magistrate Judge